Filed 1/17/23  P. v. Thomas CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073036 |
| v. | (Super.Ct.No. RIF080665) |
| JASON LATRELL THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed.

Patricia Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson, Arlene A. Sevidal, Lynne G. McGinnis, Michael D. Butera and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Jason Latrell Thomas appeals from a trial court's order denying defendant's petition for relief under Penal Code[1] section 1170.95. For the reasons set forth *post*, we find that defendant made a prima facie showing that he falls within the provisions of section 1172.6, and is therefore entitled to a remand for further proceedings on his petition.

## FACTUAL AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY

In 2001, a jury convicted defendant of first degree murder under section 187, subdivision (a) (count 1), and attempted robbery under sections 211 and 664, subdivision (a) (count 2). The jury also found true the special-circumstance allegations that defendant committed the murder during the course of an attempted robbery under section 190.2, subdivision (a)(17); and that in the commission of the murder, a principal was armed with a firearm under section 12022, subdivision (a)(1). The trial court sentenced defendant to prison for a term of life without the possibility of parole, plus one year.

Defendant appealed from the judgment. On October 8, 2002, we reduced defendant's sentence to 25 years to life because of his juvenile status at the time of the murder. In all other respects, we affirmed the judgment.

On January 7, 2019, defendant filed a petition for relief under section 1172.6. On March 11, 2019, the People filed a response. On April 9, 2019, defendant filed a reply

---

[1] All further statutory references are to the Penal Code unless otherwise specified. In addition, section 1170.95 was renumbered effective June 30, 2022, to section 1172.6. (Stats. 2022, c. 58 (A.B. 200), § 100, eff. June 30, 2022.) We will refer to the new numbering and current version in this opinion.

brief in propria persona. At the hearing on April 19, 2019, defendant was represented by a public defender. Over defense counsel's objection, the court summarily denied the petition on the ground that the petition failed to set forth a prima facie case for relief.

On June 14, 2019, defendant filed a timely notice of appeal. In an unpublished opinion filed on September 11, 2020, we affirmed the denial of the petition based on the state of the law at the time.

Defendant filed a petition for review, which was granted. On September 28, 2022, the California Supreme Court transferred the matter back to this court with instructions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). In *Strong,* the California Supreme Court found that felony murder special-circumstance findings issued by a jury before the decisions of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the terms "major participant" and "reckless indifference to human life" in the special-circumstance statute, do not preclude a defendant from making out a prima facie case for resentencing of a felony-murder conviction, even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*. In *Lewis*, at page 966, the California Supreme Court found that under section 1172.6, a defendant who files a petition for resentencing in the trial court is entitled to appointment of counsel and for counsel to have the opportunity to submit briefing prior to the trial court's prima facie finding.

We vacated our previous opinion and requested that defendant and the People file supplemental briefs. Defendant requests that this court direct the trial court to issue an

3

order to show cause and hold a hearing pursuant to section 1172.6. The People agree with defendant and concede that remand for further proceedings under section 1172.6 is required. We will remand the matter to the trial court for further proceedings.

B.    FACTUAL HISTORY[2]

"On April 9, 1998, at 10:00 p.m., Rodney Martin (Martin), then 31 years old, drove to the Hunt Club apartments in Perris with his brother, Troy Petterway (Petterway), then 26 years old. Martin and Petterway drove into a carport area and stepped out of the car. Thomas then approached Petterway on the passenger's side of the car and asked for a cigarette.

"Petterway knew Thomas, thought there might be a fight, and kept his attention on Thomas. Petterway then saw 'two other guys' approach Martin on the driver's side of the car. He identified one of the two other guys as Banks, but could not identify the other. Either Banks or the person standing near him said, 'Break yourself,' which meant, 'This is a robbery.'

"Martin told Banks to 'get out of his face' and swung at him. Banks then pulled a gun out of his jacket and started shooting. Martin said, 'Run,' and Petterway ran. As Petterway ran, he heard Thomas yell 'Outlaw.' Within minutes, Martin died of multiple gunshot wounds.

"Petterway testified that as he was running from the scene he heard several shots fired, with a pause in between. William Owens (Owens), the maintenance supervisor at

_____

[2] The facts are taken from our opinion in prior appeal case No. E029239.

4

the apartments and a former weapons instructor in the Marines, also heard two sets of shots fired, with a pause in between. Owens said that the pause was 'like somebody was changing a magazine.'

"Thomas's brother, Malik Swanigan (Swanigan), testified that he was in an upstairs apartment when he heard shots being fired. He ran out of the apartment and halfway down the staircase. From there, he saw Banks shooting Martin. He then saw Thomas take the gun from Banks and shoot Martin several times." (Fn. omitted.)

"After the shooting, Swanigan and Thomas went to see Swanigan's girlfriend, Nina Burton, in Sun City. Burton told the police that the morning after the shooting she overheard Thomas on the telephone bragging that he had shot Martin.

"Several days after the shooting, Swanigan and Thomas went to visit [Lisa] Rufus in Bellflower. There, Thomas confessed to Rufus that he shot Martin, and made additional statements that incriminated Banks."

## DISCUSSION

In light of the decisions in *Strong*, *supra*, 13 Cal.5th 698 and *Lewis*, *supra*, 11 Cal.5th 952, remand to the trial court for further proceedings is necessary.

SB 1437 became effective January 1, 2019. "[SB 1437] modified California's felony murder rule and natural and probable consequences doctrine to ensure murder liability is not imposed on someone unless they were the actual killer, acted with the intent to kill, or acted as a major participant in the underlying felony and with reckless indifference to human life." (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 220.) As relevant here, SB 1437 added section 189, subdivision (e), which provides, "A participant

5

in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e).) Section 190.2, subdivision (d) provides, "Notwithstanding subdivision (c), every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4."

SB 1437 also created a process through which convicted persons can seek resentencing if they could no longer be convicted under the reformed homicide law. (§ 1172.6, subd. (a).) Section 1172.6, subdivision (a), provides in part, "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced

6

the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." Section 1172.6, subdivision (c), provides, "Within 60 days after service of a petition . . . , the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." If the petitioner makes a prima facie showing he is eligible for relief under section 1172.6, the court shall hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d)(1).) At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

In *Lewis*, *supra*, 11 Cal.5th 952, our Supreme Court found that former section 1170.95 entitled a defendant to have counsel appointed after filing a proper petition and was entitled to have the opportunity for counsel to file briefing in response to any opposition filed by the People before the trial court makes its prima facie determination. (*Id.* at pp. 961-972.) As noted *ante*, this has been codified in section 1172.6, subdivision (c). The *Lewis* Court also held that a superior court's failure to appoint counsel to represent a petitioner or to allow for briefing when assessing whether a defendant has

7

made a prima facie showing of entitlement to relief is state law error, reviewable for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, at pp. 958, 973-974.) The Court stated: "More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.)

In this case, the trial court summarily denied defendant's petition for resentencing based on the special circumstance finding made by the jury.

In *Strong*, the California Supreme Court resolved a split of the Courts of Appeal as to whether a special circumstance finding reached prior to *Banks* and *Clark* precluded relief under section 1172.6. *Banks* and *Clark* "substantially clarified the law" regarding what it means to be a major participant who acts with reckless indifference to human life for the purposes of the special circumstance statute. (*Strong*, *supra*, 13 Cal.5th at pp. 706-707, 721.) The *Strong* court concluded that where a defendant's "case was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him [or her] from making out a prima facie case for resentencing under section 1172.6." (*Ibid*.) A court "err[s] in concluding otherwise." (*Ibid*.)

Here, the jury was instructed on first degree felony murder as an aider and abettor, felony-murder special circumstance, and vicarious liability for the firearm. The verdict forms did not indicate the basis upon which the jury found defendant guilty of murder.

The prosecutor argued two theories of first degree murder—premeditated and deliberate murder and aiding and abetting an attempted robbery resulting in the victim's

8

death. The jury returned a verdict of first degree murder, attempted robbery, and found true the finding of vicarious liability for the firearm and the felony murder special circumstances. However, the jury finding predated *Banks* and *Clark.* Hence, the special circumstance finding did not preclude defendant from "making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) The trial court erred by summarily denying the petition relying on the special circumstance finding.

In addition, this court cannot look to the record to determine whether defendant would have been convicted after *Banks* and *Clark.* Based on the change in requirements for a true finding on a special circumstance after *Banks* and *Clark*, defense counsel in a case may "have altered what evidence" would have been introduced and may have "fundamentally altered trial strategies" (*Strong*, *supra*, 13 Cal.5th at p. 719.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720, fn. omitted.) "For petitioners with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time. Allowing reexamination of the issue under these circumstances does not permit 'a second bite of the apple' because the changes in the law mean there is now 'a different apple.' " (*Id.* at p. 718, fn. omitted.)

As such, after *Strong*, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, supra, 13 Cal.5th at p. 720.)

Accordingly, we must remand the matter for the trial court to consider defendant's petition in light of *Strong* as nothing in the record demonstrates that defendant is ineligible for relief as a matter of law. The trial court shall give defendant's counsel an opportunity to provide briefing, determine whether defendant has made out a prima facie case for relief and to the extent necessary, issue an order to show cause and conduct an evidentiary hearing. (§ 1172.6, subds. (c), (d)(1) & (3).)

## DISPOSITION

The trial court's order denying the petition is reversed and the matter is remanded for further proceedings pursuant to section 1172.6, as set forth in this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

MENETREZ
J.

10